```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DESMOND M. WITHERSPOON, pro se,          :
                                         :
                 Plaintiff,              :
        -against-                        :         **MEMORANDUM**
                                         :         **AND ORDER**
ASSOCIATION OF PROFESSIONAL              :         15-CV-1584 (DLI) (LB)
RECORDING SERVICE,                       :
                                         :
                 Defendant.              :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, pro se,          :
                                         :
                 Plaintiff,              :
        -against-                        :
                                         :
SIZZLER,                                 :         15-CV-1585 (DLI) (LB)
                                         :
                 Defendant.              :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, pro se,          :
                                         :
                 Plaintiff,              :
        -against-                        :
                                         :
MOTOWN,                                  :         15-CV-1586 (DLI) (LB)
                                         :
                 Defendant.              :
------------------------------------------------------X
------------------------------------------------------X
DESMOND M. WITHERSPOON, pro se,          :
                                         :
                 Plaintiff,              :
        -against-                        :
                                         :
PONDEROSA STEAKHOUSE,                    :         15-CV-1587 (DLI) (LB)
                                         :
                 Defendant.              :
------------------------------------------------------X
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SONAR PRODUCTIONS,                              :
                                                :
                Plaintiff,                      :
        -against-                               :
                                                :
ASSOCIATION FOR PROMOTION OF                    :        15-CV-1588 (DLI) (LB)
CAMPUS ACTIVITIES,                              :
                                                :
                Defendant.                      :
----------------------------------------------------------X
----------------------------------------------------------X
SONAR PRODUCTIONS,                              :
                                                :
                Plaintiff,                      :
        -against-                               :
                                                :
NACA,                                           :        15-CV-1589 (DLI) (LB)
                                                :
                Defendant.                      :
----------------------------------------------------------X
----------------------------------------------------------X
JAMTIME STUDIOS INC.,                           :
                                                :
                Plaintiff,                      :
        -against-                               :
                                                :
AUDIO ENGINEERING SOCIETY INC.                  :        15-CV-1590 (DLI) (LB)
INTERNATIONAL,                                  :
                                                :
                Defendant.                      :
----------------------------------------------------------X
----------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se,*               :
                                                :
                Plaintiff,                      :
        -against-                               :
                                                :
NAACP,                                          :        15-CV-1591 (DLI) (LB)
                                                :
                Defendant.                      :
----------------------------------------------------------X

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DESMOND M. WITHERSPOON, *pro se*,         :
                                          :
                    Plaintiff,            :
            -against-                     :
                                          :
STATUES.COM,                              :         15-CV-1592 (DLI) (LB)
                                          :
                    Defendant.            :
------------------------------------------------------------X
```
**DORA L. IRIZARRY, United States District Judge:**

On March 25, 2015, plaintiff Desmond M. Witherspoon,[1] appearing *pro se* and a resident of New Jersey, filed nine actions against various defendants pursuant to the "Reorganization Act of 1939." Plaintiff seeks a "service agreement." The Court consolidates these actions and grants plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order.[2] The complaints are dismissed for the reasons set forth below.

## BACKGROUND

Each of plaintiff's complaints, with the exception of the complaint filed under 15-CV-1589, which includes no statement of claim, contains the following statement: "Reorganizing Companies." (*See generally* Compls.) Plaintiff provides no other statements from which the Court could infer the basis for each complaint.

---

[1] The Court takes judicial notice that plaintiff also filed actions under "Sonar Productions" and "Jamtime Studios Inc." The plaintiff's signature and IFP applications, as well as the format of the complaints, are exactly the same as in the complaints filed under his name, Desmond M. Witherspoon. In any event, a corporation cannot appear *pro se*, and Witherspoon, who is not an attorney, may not appear on behalf of the corporations. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread.").

[2] Plaintiff's IFP applications indicate that he has no income whatsoever. The Court finds it difficult to believe that plaintiff has no resources of any kind. However, in light of the Court's dismissal of these nine actions, no further filings from plaintiff are necessary regarding his income or assets.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the petitioner leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Adver.,* 487 Fed. Appx. 675, 676 (2d Cir. 2012).

Nevertheless, pursuant to the IFP statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact – *i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

In light of the rudimentary nature of plaintiff's pleadings, the Court ordinarily would afford plaintiff an opportunity to amend the complaints to provide a statement of claim that would comply with Rule 8 of the Federal Rules of Civil Procedure. However, the Court declines to afford plaintiff such an opportunity given that none of the defendants are located in this district and that none of the complaints give any indication that plaintiff has a valid claim. Instead, as the facts are clearly irrational and wholly incredible, the Court dismisses the nine complaints as frivolous. *See* 28 U.S.C. 1915(e)(2)(B)(i).

Furthermore, the Court has uncovered a voluminous history of litigation abuse by plaintiff. In the District of New Jersey, where plaintiff resides, he has filed over 300 cases. Recently, both the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit determined that plaintiff had abused the IFP process and revoked plaintiff's "IFP privileges for all future and pending cases in the District of New Jersey" and ordered that "the Clerk of the District Court shall not file a complaint submitted in a civil action filed by Plaintiff unless and until the filing and docketing fees have been paid in full." *See Witherspoon v. Capital One, et al.*, No. 1:14-cv-07548 through 2:15-cv-1680, slip op. (D.N.J. Mar. 10, 2015); *see also In re: Desmond Witherspoon*, C.A. No. 15-8012 (3d Cir. Feb. 20, 2015) (same). The district court's revocation of plaintiff's IFP applies to any cases "in which Plaintiff signs the complaint. No cases may be opened in which Plaintiff names a corporation as the suing party unless the corporation is represented by an attorney admitted to the bar of this court and the full filing and docketing fees are paid." *See Witherspoon v. Capital One, et al.*, No. 1:14-cv-07548 through 2:15-cv-1680, slip op. at 5.

Plaintiff is warned that this Court will not tolerate abusive, vexatious and frivolous litigation. "The district courts have the power and obligation to protect the public and the

5

efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment[,] and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

Plaintiff cannot circumvent the New Jersey District Court's and Third Circuit Court of Appeals' filing restrictions by commencing litigation in this district that lacks a good faith basis on which to proceed and that does not arise within this district's venue. If plaintiff continues to file similar baseless IFP complaints, he may be subject to restrictions on filing any new IFP actions in this Court, including but not limited to, the imposition of a leave-to-file requirement and monetary sanctions.

## CONCLUSION

Accordingly, these nine complaints, filed *in forma pauperis*, are dismissed as frivolous. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2015                                                     /s/
                                                             DORA L. IRIZARRY
                                                       United States District Judge